UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

IN ADMIRALTY

JUDY PROVENCHER,

    Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.

    Defendant.
_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff, **JUDY PROVENCHER**, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333, 46 U.S.C. 740 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section 22. The cause of action is in excess of $75,000.00. There is no diversity of citizenship. Plaintiff is a citizen and resident of resident of the state of Florida. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, said conditions precedent do not apply to this Plaintiff.

3. Defendant CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC., is,

upon information and belief, a foreign and/or Panamanian corporation, which is licensed to do business in Florida as a cruise line.  Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three as if set forth herein.

5. On or about July 7, 2012, Plaintiff was an adult fare paying passenger on Defendant's vessel PARADISE.  Defendant owned and/or operated the PARADISE on the aforesaid date.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a) Failing to properly maintain a miniature golf course in a reasonably safe condition , and/or;

   b) Failing to design a miniature golf course in a reasonably safe manner, and/or;

   c) Failing to properly and safely warn Plaintiff of the dangers of walking on a being in a passenger cabin, and/or;

   d) Failing to conduct a passenger shipboard activity in a reasonably safe manner.

8. As a result of the foregoing, the Plaintiff was seriously injured when she stepped the seventh green on a miniature golf course that had a significantly higher drop than the previous six greens and fell.  There was no sign or other warning that the

step down on the seventh green was significantly higher than the previous six. The previous six greens were all approximately the same height and Plaintiff was conditioned into believing that the step down on the seventh green would be approximately the same height as the previous six, which Plaintiff had stepped from without incident. When Plaintiff stepped off the seventh green to fetch her ball that had blown off the green due to high winds, she misjudged the height of step down, lost her balance and fell, shattering her ankle. Defendant should have closed the miniature golf course that day due to high winds.

9. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

10. At all times material, Plaintiff acted with due care for her own safety.

11. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and loss of capacity, suffered an aggravation of a pre-existing condition, suffered a loss of enjoyment of the cruise. Said personal injuries are permanent and/or continuing

nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

DATED this   8th   day of February, 2013.

Respectfully submitted,

By:   *//s// Paul M. Hoffman*
PAUL M. HOFFMAN, ESQ.
Florida Bar No: 0279897
pmh@paulmhoffmanlaw.com

JOHN P. FISCHER, ESQ.
Florida Bar No. 99751
jfischer@palmhoffmanlaw.com

HOFFMAN LAW FIRM
2888 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 563-8111
Facsimile: (954) 563-8171